17-1092
Li v. Whitaker

BIA
Poczter, IJ
A073 609 691

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of January, two thousand nineteen.

PRESENT:
> BARRINGTON D. PARKER,
> DENNY CHIN,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

GUANGZHAO LI,
> *Petitioner,*

v.

MATTHEW G. WHITAKER, ACTING
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

17-1092
NAC

_____

FOR PETITIONER:      Gerald Karikari, New York, NY.

FOR RESPONDENT:      Chad A. Readler, Principle Deputy Assistant Attorney General; Leslie McKay, Senior Litigation Counsel; Siu P. Wong, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Guangzhao Li, a native and citizen of the People's Republic of China, seeks review of a March 29, 2017, decision of the BIA affirming a May 24, 2016, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Guangzhao Li,* No. A073 609 691 (B.I.A. Mar. 29, 2017), *aff'g* No. A073 609 691 (Immig. Ct. N.Y. City May 24, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam)(applying substantial evidence review to factual findings).

2

Substantial evidence supports the agency's determination that Li was not credible.  And, even assuming Li's credibility as to his practice of Christianity, Li did not establish a pattern or practice of persecution of underground Christian church participants in his home province of Fujian.  Each issue is discussed in turn.

**Adverse Credibility Determination**

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *see also Hong Fei Gao v. Sessions*, 891 F.3d 67, 77 (2d Cir. 2018); *Xiu Xia Lin*, 534 F.3d at 163-64. The adverse credibility determination is supported by substantial evidence given the multiple inconsistencies in Li's statements and evidence.

Li was inconsistent about the sole allegation of past persecution in April 2012.  He was inconsistent about the

3

number of worshippers who were arrested with him, the details of his three interrogations in detention, where and what the police used to beat him, the number of days he was detained, how long he remained in China after his release from detention, and who baptized him in China. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). All of these inconsistencies are reflected in the record. And Li did not provide compelling explanations or otherwise rehabilitate his testimony with reliable corroborating evidence. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)); *see also Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question.").

Given the multiple inconsistencies and the lack of reliable corroboration, the adverse credibility determination is supported by substantial evidence. *See Xiu Xia Lin*, 534

4

F.3d at 165-66.  That determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

Although this adverse credibility determination is dispositive, the BIA addressed Li's claim that there is a pattern or practice of persecution of Christians in China.  As discussed below, we find no error in the agency's conclusion that Li failed to establish a pattern or practice of persecution.

**Pattern and Practice Claim**

Even assuming Li's credibility as to his ongoing practice of Christianity, he failed to document the "systemic or pervasive" persecution of Christians sufficient to demonstrate a pattern or practice of persecution of similarly situated individuals in China.  *See* 8 C.F.R. § 1208.13(b)(2)(iii); *In re A-M-*, 23 I. & N. Dec. 737, 741 (BIA 2005) (explaining that pattern or practice of persecution requires "systemic or pervasive" persecution).  The country conditions evidence in the record established that tens of millions of individuals practice in unregistered churches in China, and that in

5

some areas such practice is tolerated without interference. Further, the record includes no evidence of mistreatment of Christians in Li's home province of Fujian. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 165-66, 174 (2d Cir. 2008) (explaining that the BIA does not err in requiring localized evidence of persecution when the record reflects wide variances in how policies are understood and enforced throughout China).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court